GIBSON, DUNN & CRUTCHER LLP
ANDREW S. TULUMELLO (SBN 19648)
ATulumello@gibsondunn.com
GEOFFREY M. SIGLER
GSigler@gibsondunn.com
JASON R. MELTZER
JMeltzer@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Defendant*
*Frito-Lay North America, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARKUS WILSON and DOUG CAMPEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC.<br><br>Defendant. | CASE NO. 3:12-cv-01586-SC<br><br>Action Filed:  March 29, 2012<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, private, commercially and competitively sensitive information, including information regarding proprietary manufacturing processes, business systems, economically sensitive information, personal identifying information of Plaintiffs and other consumers, and other competitively sensitive information within the meaning of Federal Rule of Civil Procedure 26(c), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the categories of information or items that are entitled to

confidential treatment under the applicable legal principles, as provided below.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1.      **Definitions**

The following definitions shall apply to this Stipulated Protective Order (the "Order"):

a.      "Confidential" information shall mean any information for which a Party takes reasonable precautions to maintain confidentiality and which qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c), including: product formulas, including composition, seasoning, flavoring, and blend information; manufacturing processes or specifications that are proprietary, confidential, and specific to Frito-Lay; market and consumer research; product research and development information; product concepts; supplier information; non-public financial information regarding Frito-Lay's goods, services and businesses and potential businesses, including cost information, pricing information, and profit and loss information; non-public financial projections and forecasts; other non-public financial and economic information including financial analyses, budgets, sales projections and forecasts; non-public information regarding business development, marketing and sales plans; non-public surveys and market research; non-public technical information including non-public engineering, manufacturing and commercial information and know-how; non-public competitive analyses; customer information; confidential agreements with third parties; confidential communications with third parties; information received from third parties under conditions of confidentiality, for example, pursuant to non-disclosure agreements or confidentiality provisions; proprietary databases and other proprietary electronically stored information; and any other information that any Party to the Litigation or any Producing Party may reasonably characterize as confidential and that has not previously been made available to the public.

b.      "Counsel" shall mean Outside Counsel of Record and in-house counsel (including in-house counsel employed by Frito-Lay or its parent/affiliates) who are working on the litigation (as well as their support staffs).

c.      "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

d. "Document" and "Documents" have the full meaning ascribed to those terms under Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, any and all drafts; communications; e-mails; electronically stored information; correspondence; letters; memoranda; records; reports; books; records, reports and/or summaries of personal conversations or interviews; handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; and any paper or writing of whatever description.

e. "Expert" as used herein is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

f. "Frito-Lay" shall mean Frito-Lay North America, Inc., the Defendant in this Litigation, and anyone acting on its behalf.

g. "Legend" as used herein shall mean a stamp or similar insignia stating Confidential, or other appropriate term or terms connoting the confidentiality of the document. When any document is designated Confidential pursuant to this Order, the Legend shall be affixed to the cover of such document and to each page therein.

h. "Litigation" shall refer to *Wilson v. Frito-Lay North America, Inc.*, No. 12-cv-01586-SC, pending in the United States District Court for the Northern District of California. For purposes of this Order and its scope, the Litigation shall encompass all proceedings through final judgment, including any related appeals.

i. "Outside Counsel of Record" means attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party or are associated or affiliated with a law firm which has appeared on behalf of that party.

j. "Party" or "Parties" shall mean the named Plaintiffs in this litigation, Markus Wilson and Doug Campen, and Defendant Frito-Lay North America, Inc. For purposes of this Order, the Parties shall not include putative class members or class members.

k. "Permitted Purpose" means that all documents, material, and information produced in the Litigation can be used only in this Litigation, as set forth in Paragraph 5 below.

l.      "Producing Party" shall mean any Party to the Litigation, or any other person or entity producing Documents, information, or other materials in the Litigation (e.g., any third party producing information in response to a subpoena).

m.      "Receiving Party" shall include any person that receives Documents, information, or other materials from a Producing Party in the Litigation.

2.      **Scope**

This Order shall apply, without limitation, to all Documents, material, or information produced in this Litigation, including any Documents produced by a Party or third party in response to a subpoena.  This Order shall govern all Documents, deposition testimony, and other information and materials generated or produced in response to any discovery conducted by any Party to the Litigation, including any summaries of such information.  Both Parties and third parties who produce such information shall be able to designate the information that they produce and thereby be afforded the protections outlined in this Order.  This Order shall also govern all Documents and materials containing Confidential information that are submitted in connection with a pleading, brief, or other Document filed with this Court.  This Order shall not govern the use or admissibility of any evidence at any hearing, trial, or other proceeding, or the procedures for using such Documents or information at such proceeding, except as follows.  In advance of any hearing, trial, or other proceeding, any Party anticipating the need to use any Confidential information shall provide five (5) business days' advance notice to the other Parties and the Parties will promptly meet and confer and attempt to reach agreement on a procedure to be used and submitted for approval to the Court; if the Parties cannot agree, they will seek an order or other direction from the Court.  This Order shall not prevent any Party from seeking to amend, modify, or revise this Order; nor shall this Order prevent any Party from entering into additional confidentiality stipulations or seeking additional protective orders.

3.      **Duration**

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until modified, superseded, or terminated by consent of the Parties or by order of the Court upon reasonable written request.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4. **Designating Protected Material: Exercise of Restraint and Care in Designating Material for Protection**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that the Party believes in good faith qualifies under the appropriate standards, as set out herein. The Designating Party must designate for protection only those documents, data, or oral or written communications that the Party in good faith believes qualifies for protection under these standards.

Indiscriminate, or routinized, designations that do not satisfy the applicable standards set out herein are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5. **Limitations on Use of Documents: Permitted Purpose**

Documents, material, or information produced in this Litigation by any Producing Party may be used only in and for this Litigation (the "Permitted Purpose") and for no other purpose. This means that Documents, materials, and information produced in this Litigation can be used only for discovery, motions, briefs, preparation for trial, trial, and appeal in this Litigation. These materials also may be used, consistent with this Order, in any settlement discussions or mediation in this Litigation. Documents, materials, and information produced in this Litigation cannot be used for any other purpose, including any use in any other lawsuit or proceeding, or any business, commercial, competitive, or personal purpose. Nothing in this subparagraph or any other part of this Order (including but not limited to all parts of Paragraph 6 below) shall prevent or restrict a Producing Party from disclosing its own information, including its own <u>Confidential</u> information, to any person. However, public disclosure of information designated under this Order may provide a basis for de-designation through the process set out in Paragraph 11 below.

    \* \* \*

6.    **Designating Documents and Related Limitations on Use**

a.    <u>Designating as Confidential Information</u>

A Producing Party may designate any Document or portion thereof that contains confidential information as <u>Confidential</u> pursuant to this Order by affixing the Legend as provided under subparagraph 1(g) to any Document containing, or that the Producing Party believes contains, confidential information.  In the event that <u>Confidential</u> information is produced in an electronic medium, such as a CD or DVD, the Legend shall be affixed on the face of the CD, DVD, or other electronic medium.  In the event that a Party produces voluminous Documents for inspection only, no stamping need be made by the Producing Party in advance of the initial inspection and, upon selection of specified Documents for copying by the inspecting Party, the Producing Party shall, within ten (10) business days, stamp each page of such Documents as may contain confidential information with the <u>Confidential</u> Legend.  This ten-day period may be extended upon agreement of the Parties or order of the Court for good cause shown.

b.    <u>Limitations on Use of Confidential Information</u>

All Documents, material, or information designated as <u>Confidential</u> may be used by a Receiving Party only for a Permitted Purpose.  This information—and any summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source—shall be disclosed only to the Court (as provided for in Paragraph 10 below) and to:

(1)    Parties to the Litigation and the employees, affiliates, officers, agents, and directors of such parties only to the extent necessary for the Permitted Purpose;

(2)    Counsel to the Parties only to the extent necessary for the Permitted Purpose;

(3)    Deponents who are not covered by subpart (1) above but who it appears authored or received the material on which they are being examined, or who it appears from documents or the evidentiary record have knowledge of the specific subject matter discussed therein, in connection with a deposition in the Litigation;

(4)    Stenographic reporters who are involved in depositions, trial, or any hearing or proceeding before the Court in the Litigation; and

(5)     Experts or consultants who are (i) retained by a Party specifically for this Litigation because of specialized knowledge and in connection with the Permitted Purpose and (ii) do not include current or former employees, contractors, or consultants of Frito-Lay or any company that competes with Frito-Lay in the manufacturing, advertising, or sale of food products.

c.     <u>Acknowledgement and Agreement to Be Bound</u>

Unless the Producing Party agrees otherwise, <u>Confidential</u> information may be disclosed by a Receiving Party or its Counsel only after such persons have been advised of the terms and operation of this Order and have agreed to be bound by its terms.  All persons listed in subparagraphs 6(b)(3) and (5) shall be required to sign an "Acknowledgement and Agreement to be Bound" in the format attached hereto as Exhibit A before disclosure to them of any <u>Confidential</u> information.  A copy of each executed Agreement to be Bound shall be retained by Counsel of record for the Party obtaining the Agreement to be Bound.  A Party may make an application to the Court for disclosure of a copy of the executed Agreement(s) to be Bound and the Court will grant such an application upon a showing of good cause.

7.     **Designation of Documents Produced By Third Parties**

Upon production of any materials by any third party in this Litigation pursuant to a subpoena or other discovery request, the Receiving Party's Counsel shall promptly provide a copy of the materials to each other Party and, absent agreement to the contrary, shall allow each Party ten (10) business days after the Party's receipt of the materials to make appropriate designations under this Order before disclosing the materials to anyone other than Counsel unless otherwise agreed to by the Parties.  Any Party may, either within this ten-day period or thereafter as appropriate, designate as <u>Confidential</u> any Document that is produced or disclosed by any third party, provided that such Document contains the <u>Confidential</u> information of a designating Party.  Following any such designation, the Party making the designation shall be treated as a Producing Party with respect to the designated Documents and information for purposes of all protections and limitations on use under this Order (including but not limited to the provisions in Paragraph 6 above).  Such designations may be made in the following manner:

a. Parties to the Litigation may designate such Document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated Document or by reference to a Bates number of the Document. Any Party receiving such notice and copy of the designated Document pursuant to this subparagraph shall, within ten (10) business days of receipt of such notice (or such other time as may be agreed upon), return to the designating Party all undesignated copies of such Document in their custody or possession, or alternatively shall affix the Legend to all copies of such designated Document in their custody or possession or destroy undesignated duplicate copies.

b. Upon notice of designation pursuant to this paragraph, the Parties shall also: (i) make no further disclosure of such designated Document or information contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated Document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

8. **Designation of Depositions**

a. In the case of Confidential information revealed during a deposition or hearing, if a designation of a portion of a transcript, including exhibits, is made by a statement by Counsel on the record, or is otherwise made before the stenographer transcribing such deposition or hearing has disseminated to Counsel for the Parties the transcript thereof, the stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

b. If a deposition or hearing transcript has not previously been designated as Confidential before its preparation by the stenographer, Counsel for a Party may alternatively designate a deposition or hearing transcript as Confidential by informing Counsel for all other Parties to this action in writing within thirty (30) calendar days after receipt of the official transcript (or such other time as may be agreed), as to the specific pages deemed Confidential, and thereafter such pages shall constitute Confidential information pursuant to this Order. Upon receipt of such notice, any Party in possession of copies of such designated transcripts shall affix the appropriate Legend thereto. Until

the receipt of such designation, the transcript shall be presumed not to contain Confidential information, unless a Party requests that the transcript be treated as containing Confidential information pending such designation.

9.    **Copies/Summaries**

All copies or summaries of any Documents containing Confidential information shall also constitute and be treated as confidential information as provided in this Order.  Any Receiving Party marking, or causing to be made, copies or summaries of any Confidential information shall make certain that each such copy or summary bears the Legend pursuant to the requirements of this Order.

10.    **Filing Confidential Information with Redactions and Under Seal**

Confidential information may be referred to in written discovery requests and responses, and in motions, briefs, or other court filings, as necessary in connection with a Permitted Purpose; provided, however, that the Party filing any motion, brief, or other paper with the Court shall redact or otherwise exclude from the filing any non-essential Confidential information.  Any motion, brief, or other paper filed with the Court referring to Confidential information that is essential to the filing, or any other document or paper than contains Confidential information that has not been redacted, shall be filed under seal.  Any Party wishing to file Documents under seal must comply with Civil Local Rule 79-5.

11.    **Objections to Designations**

Any Party (the "Requesting Party") may request in writing that any information or document designated as Confidential be released from the requirements of this Order.  The Parties shall attempt to meet and confer and resolve the dispute informally within ten (10) business days of a written request.  The written request shall specifically identify the information or Document challenged by the Requesting Party (by Bates number) and include a statement of the legal or factual basis for each objection.  If an agreement cannot be reached by negotiation within the ten (10) business day period, any Party wishing to challenge the designation may present the dispute to the Court, pursuant to Civil Local Rule 7, that identifies the challenged material and sets forth in detail the basis for the challenge. The information shall be treated as designated until the issue is resolved or waived.  The terms of this

Order shall continue to apply to such information or Document unless the Court grants an order revoking any designation.

12.     **Objections Not Waived**

Notwithstanding anything to the contrary contained herein, all objections, including any discovery or evidentiary objection, are reserved and are not waived by any terms of this Order.

13.     **Subpoena of Confidential Documents**

If at any time any Document or information protected by this Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Producing Party that has designated such information Confidential, so as to advise such person of the need to promptly obtain a protective order or a notice to quash the subpoena if the Producing Party believes such is necessary. The burden shall be on the Producing Party to timely file a motion for a protective order or to quash. During the pendency of any such motion, the Parties in possession of Confidential information shall not produce the Confidential information, unless the Party faces contempt or sanctions.

14.     **No Waiver of Privileges/Protection**

Disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege or protection, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation or any other federal or state proceeding.  This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), which provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connection with the litigation pending before this court—in which even the disclosure also is not a waiver in any other Federal or State proceeding."  Upon discovery by a Producing Party (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the Producing Party shall request the return of such information in writing by identifying the Privileged Information and stating the basis for

withholding such information from production. After being notified, all other Parties must return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if he/she/it disclosed the Privileged Information before being notified. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) business days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within five (5) business days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Producing Party shall submit to the Court for in camera review under seal a copy of the Privileged Information in connection with its motion papers. That submission to the Court shall not constitute a waiver of any privilege or protection. The Producing Party must preserve the information until the claim is resolved. If the claim of privilege is not disputed or resolved in favor of the Objecting Party, then all other Parties will return or destroy the privileged document.

15. **Inadvertent Failure to Designate – No Waiver of Confidentiality**

An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. If a Producing Party produces Documents which, during the pendency of this Litigation, it later determines were not, but should have been, designated Confidential, the Producing Party may so designate such Documents by serving a written notice upon the Receiving Party within ten (10) business days of learning of the incorrect designation, along with a copy of such Documents marked with the appropriate designation. The receiving Party shall then take reasonable steps to destroy or return to the producing Party all unmarked copies of such Documents within ten (10) business days and certify in writing that it has done so.

16. **Return or Destruction of Documents**

Within sixty (60) calendar days after the final disposition of this Litigation, each Receiving Party must return all Confidential material to the Producing Party or destroy such material. As used in this paragraph, these materials include all copies, abstracts, compilations, summaries, and any

other format reproducing or capturing any of the Confidential information. For purposes of this paragraph, each Receiving Party and his/her/its Counsel shall be responsible for ensuring that any experts, consultants, or other persons to whom the Receiving Party disclosed materials under subparagraphs 6(b) above comply with this requirement. Whether the Confidential material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty-day deadline that (1) identifies (by category, where appropriate) all the Confidential information that was returned or destroyed, and (2) affirms that the Receiving Party (including any experts and consultants for the Receiving Party) has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential information. Any such archival copies that contain or constitute Confidential information remain subject to this Order as set forth in Paragraphs 5 and 6. Original executed copies of the "Acknowledgment and Agreement to Be Bound" shall be retained by Counsel disclosing the Confidential material to the person who executed the "Acknowledgment and Agreement to Be Bound."

In accordance with N.D. Cal. Local Rule 5-1, the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatories hereto.

Dated: May 6, 2014

By: /s/ David McMullan, Jr.
    David McMullan, Jr.

BARRETT LAW GROUP

David McMullan, Jr.
DMcMullan@barrettlawgroup.com
P.O. Box 987
404 Court Square North
Lexington, MS 39095
Tel: (662) 834-2488
Fax: (662) 834.2628

By: /s/ Andrew S. Tulumello
    Andrew S. Tulumello

GIBSON, DUNN & CRUTCHER LLP

Andrew S. Tulumello
ATulumello@gibsondunn.com
Geoffrey M. Sigler
GSigler@gibsondunn.com
Jason R. Meltzer
JMeltzer@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306

Tel: (202) 955-8500
Fax: (202) 467-0539

*Attorneys for Defendant Frito-Lay North America, Inc.*

PRATT & ASSOCIATES

Pierce Gore
pgore@prattattorneys.com
1871 The Alameda, Suite 425
San Jose, CA 95126
Tel: (408) 369-0800
Fax: (408) 369-0752


LOVELACE LAW FIRM, P.A.

Dewitt Marshall Lovelace, Sr.
courtdocs@lovelacelaw.com
12870 U.S. Hwy 98 West
Suite 200
Miramar Beach, FL 32550
Tel: (850) 837-6020
Fax: (850) 837-4093

*Attorneys for Plaintiffs Markus Wilson and Doug Campen*


**SO ORDERED.**


Date:_____         _____
                                 UNITED STATES DISTRICT/MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11          **EXHIBIT A**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARKUS WILSON and DOUG CAMPEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC.<br><br>Defendants. | CASE NO. 3:12-cv-01586-SC<br><br>Action Filed:  March 29, 2012<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, being duly sworn, state that:

      1.    My present employer is _____ and the address of my present employment is _____.

      2.    My present occupation or job description is _____.

      3.    I have carefully read and understood the provisions of the Stipulated Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

      4.    I will hold in confidence and not disclose to anyone not qualified to receive Confidential information under the Stipulated Protective Order any Confidential information, or any words, summaries, abstracts, or indices containing this information.

      5.    I will limit use of Confidential information disclosed to me to solely for purposes of this action.

      6.    No later than 30 days after the final conclusion of the case, I will return all Confidential information, including any summaries, abstracts, and indices thereof which come into

my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

      7.    I agree to submit to the jurisdiction of this Court to resolve all disputes relating to this Agreement, my compliance with this Agreement, and the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____      _____
                             (Signature)

                             _____
                             (Printed Name)

**CERTIFICATE OF SERVICE**

I, Andrew S. Tulumello, certify as follows:

I am employed in Washington, DC. I am over the age of eighteen years and am not a party to this action.  My business address is 1050 Connecticut Avenue NW, Washington, DC 20036.  I certify that on the date indicated below, I caused the following document to be electronically transmitted to the Clerk and to the persons named below, who are registered as CM/ECF users and have consented to electronic service, using the CM/ECF System:

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

| **Attorneys for Plaintiffs Wilson and Campen** |
| --- |
| David Malcolm McMullan, Jr. Don Barrett, P.A. P.O. Box 987 404 Court Square North Lexington, MS 39095 dmcmullan@barrettlawgroup.com |
| Ben F. Pierce Gore Pratt & Associates 1871 The Alameda Suite 425 San Jose, CA 95126 pgore@prattattorneys.com |
| Dewitt Marshall Lovelace, Sr. Lovelace Law Firm, P.A. 12870 US Hwy 98 W. Suite 200 Miramar Beach, FL 32550 courtdocs@lovelacelaw.com |

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 6, 2014                    _____/s/ Andrew S. Tulumello
                                                              Andrew S. Tulumello