**United States District Court**
For the Northern District of California

1

2

3

4

5               IN THE UNITED STATES DISTRICT COURT

6             FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8                                    )  Case No. 12-1586 SC
                                     )
   MARKUS WILSON and DOUG CAMPEN,    )  ORDER DENYING MOTION TO EXTEND
9  individually and on behalf of     )  DISCOVERY DEADLINE
   all others similarly situated,    )
10                                   )
           Plaintiffs,               )
11                                   )
       v.                            )
12                                   )
   FRITO-LAY NORTH AMERICA, INC.,    )
13                                   )
           Defendant.                )
14                                   )
                                     )
15 _____ )

16

17      Now before the Court is Plaintiffs' motion to extend the fact

18 discovery deadline in this food-labelling case.  Specifically,

19 Plaintiffs seek an extension of the February 13, 2015 stipulated

20 fact discovery cutoff to allow for the deposition of a third-party

21 marketing agency Luntz Global, LLC and Dr. Frank Luntz

22 (collectively, "Luntz witnesses").  ECF No. 112 ("Mot."); see also

23 ECF No. 105 ("Stip.") (setting February 13, 2015 as the fact

24 discovery cut-off).  The Luntz witnesses are relevant to

25 Plaintiffs' case because they provided research to Defendant Frito-

26 Lay regarding the value of the "natural" claim on certain snack

27 food labels at issue in this case.

28      Frito-Lay opposes extending the deadline, arguing that

**United States District Court**
For the Northern District of California

Plaintiffs have not complied with the local rules in seeking the
extension of time and, in any event, cannot show they diligently
pursued the discovery at issue.  ECF No. 113 ("Opp'n").  Plaintiffs
filed an unauthorized reply brief.  ECF No. 114 ("Reply"); <u>see</u> Civ.
L.R. 6-3(d) (granting the Court, <u>not the parties</u>, discretion to
determine if additional briefing is necessary after a motion for
extension of time and opposition are filed).  The motion is ripe
for disposition under Civil Local Rule 6-3(d), and for the reasons
set forth below, it is DENIED.

Dr. Luntz was first identified as a third party who might have
relevant information on July 1, 2014.  Two months later, in
September 2014, Plaintiffs subpoenaed (and Luntz produced)
documents.  More than three months later, in January 2015,
Plaintiffs served notices of deposition and subpoenas on the Luntz
witnesses for depositions to take place on the last two days of
fact discovery, February 12 and 13, 2015.  After receiving the
notices of deposition, Plaintiffs' counsel conferred with counsel
for the Luntz witnesses, who informed Plaintiffs the Luntz
witnesses were unavailable for a deposition on those dates.  At the
same time, the parties were preparing for a Rule 30(b)(6)
deposition of Frito-Lay's designee regarding marketing, set to take
place on February 10, 2015.  In light of that deposition, which the
parties agreed might obviate the need for a deposition of the Luntz
witnesses, and the scheduling issues with the Luntz witnesses,
Plaintiffs suggested a stipulation.  ECF No. 114-1 ("McMullan
Decl.") ¶ 2, Ex. B.

After the February 10, 2015 Rule 30(b)(6) deposition,
Plaintiffs concluded there was still a need to depose Luntz,

**United States District Court**
For the Northern District of California

1   seemingly to authenticate certain documents.  Id. at ¶ 3.  As a
2   result, Plaintiffs continued to seek a stipulation regarding those
3   documents, but, with the fact discovery deadline looming, the clock
4   ran out.  As a result, Plaintiffs filed this motion.

5       Scheduling orders "may be modified only for good cause and
6   with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Pretrial
7   scheduling orders may be modified if the dates scheduled "cannot
8   reasonably be met despite the diligence of the party seeking the
9   extension."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
10  609 (9th Cir. 1992).  The focus of the good cause inquiry is "on
11  the moving party's reasons for seeking modification.  If that party
12  was not diligent, the inquiry should end."  Id.  As the undersigned
13  has previously observed, "centering the good cause analysis on the
14  moving party's diligence prevents parties from profiting from
15  carelessness, unreasonability, or gamesmanship, while also not
16  punishing parties for circumstances outside their control."  In re
17  Cathode Ray Tube (CRT) Antitrust Litig., No. C-07-5944-SC, 2014 WL
18  4954634, at *2 (N.D. Cal. Oct. 1, 2014) (citing Orozco v. Midland
19  Credit Mgmt. Inc., No. 2:12-cv-02585-KJM-CKD, 2013 WL 3941318, at
20  *3 (E.D. Cal. July 30, 2013)).

21      Civil Local Rule 6-3 also sets forth specific requirements for
22  motions to change time.  Specifically, the moving party must file
23  three documents: (1) a motion of no more than five pages, (2) a
24  proposed order, and (3) a declaration.  Civ. L.R. 6-3(a).  The
25  accompanying declaration must set forth "with particularity" the
26  reasons for the enlargement of time, the efforts to obtain a
27  stipulated time change, "the substantial harm or prejudice that
28  would occur if the Court did not change the time," any prior time

3

1    modifications in the case, and the effect of the modification on

2    the schedule for the case.  Civ. L.R. 6-3(a)(1)-(6).

3        Plaintiffs' motion must be denied for two separate (but each

4    individually sufficient) reasons.  First, Plaintiffs' motion does

5    not comply with Civil Local Rule 6-3(a) and 6-3(a)(3) because it

6    was not accompanied by the required declaration and does not

7    sufficiently set forth a "substantial harm or prejudice" that would

8    result from the denial of the motion.  Second, even if Plaintiffs

9    had filed the necessary declaration and demonstrated prejudice,

10   they did not act diligently in pursuing the discovery at issue.

11       First, contrary to the requirement of Civil Local Rule 6-3(a),

12   Plaintiffs did not file a declaration with their motion.

13   Plaintiffs did, however, file a declaration with their unauthorized

14   reply brief "[p]ursuant to Local Rule 6-3 . . . ."  McMullan Decl.

15   at 1.  But this declaration does not comply with the requirements

16   of Civil Local Rule 6-3.  Specifically, Plaintiffs' belated

17   declaration does not set forth "the substantial harm or prejudice"

18   that Plaintiffs will suffer if the Court does not extend the

19   deadline.  Civ. L.R. 6-3(a)(3).  Obviously, if the Court denies the

20   motion Plaintiffs will be unable to depose the Luntz witnesses, but

21   Plaintiffs have not provided any explanation at all of how (if at

22   all) that will prejudice their case.  Nor do they provide any

23   explanation of why the Rule 30(b)(6) deposition that took place on

24   February 10, 2015 was not sufficient aside from their conclusory

25   assertion that it "did not, in Plaintiffs' view, eliminate the need

26   to depose Luntz."  Reply at 2-3; McMullan Decl. ¶ 3.  Maybe

27   Plaintiffs would argue they will be prejudiced if they are unable

28   to depose the Luntz witnesses because they might be unable to use

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   the non-authenticated documents produced by Luntz in support of
2   their forthcoming class certification motion.  But Plaintiffs state
3   that Luntz only produced 37 documents anyway.  Perhaps those are
4   very important documents, but Plaintiffs do not say so, and in any
5   event the Court should not have to guess or read between the lines
6   of Plaintiffs' briefs and declaration to suss out the prejudice
7   they might suffer.  But that is the only option Plaintiffs left the
8   Court when they failed to mention prejudice at all in their opening
9   brief and failed to discuss prejudice outside of rebutting Frito-
10  Lay's claims of prejudice in their unauthorized reply.  This is
11  insufficient, and would be enough standing alone to deny
12  Plaintiffs' motion.

13      But there is a second, and even more compelling, reason to
14  deny Plaintiffs motion: Plaintiffs have not demonstrated that they
15  diligently pursued the discovery at issue.  As Defendants' brief
16  and declaration makes clear, Plaintiffs were aware that the Luntz
17  witnesses might have discoverable information since July and
18  actually obtained document discovery from them in September.  But
19  Plaintiffs offer nothing in their submissions explaining why they
20  waited almost four months after receiving that discovery (until the
21  eve of the fact-discovery cutoff) to notice and schedule the
22  deposition of the Luntz witnesses.  Without some explanation for
23  that delay or any indication of factors outside Plaintiffs'
24  control, the Court cannot conclude Plaintiffs diligently pursued
25  this discovery.  See Mitsui O.S.K. Lines, Ltd. v. Seamaster
26  Logistics, Inc., No. 11-cv-2861, 2012 WL 6095089, at *2-3 (N.D.
27  Cal. Dec. 7, 2012) ("Plaintiff provided no explanation for why it
28  waited, at minimum, nearly two full months . . . despite its

knowledge that the discovery cutoff in this action loomed . . . ."). In any event, absent some circumstance outside Plaintiffs' control, it was unreasonable for Plaintiffs to wait, with full notice of the existence of relevant witnesses, until less than a month prior to the fact discovery cutoff to notice a third party deposition. Plaintiffs do not argue otherwise, and instead begin their discussion of diligence at the time they noticed the deposition. That is insufficient to show Plaintiffs' diligence, and as a result, "the inquiry should end." See Johnson, 975 F.2d at 609.

For these reasons the Court finds Plaintiffs have not demonstrated good cause to extend the discovery deadline as required by Federal Rule of Civil Procedure 16(b)(4). Accordingly the motion is DENIED.

Dated: February 25, 2015

_____
UNITED STATES DISTRICT JUDGE