**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARKUS WILSON and DOUG COMPEN, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>FRITO-LAY NOTH AMERICA, INC.,<br><br>          Defendant. | Case No. 12-CV-1586 SC<br><br>ORDER GRANTING STAY PENDING RESOLUTION OF RELEVANT NINTH <u>CIRCUIT CASES</u> |

The Court now turns to a request by Plaintiffs for a stay in the above captioned case pending the results of a Ninth Circuit case, <u>Jones v. Conagra Foods, Inc.</u>, No. 14-16327 (9th Cir. Filed July 14, 2014).  ECF Nos. 136.  The matter has been fully briefed.  <u>See</u> ECF Nos. 139, 141.  The Court finds the matter is appropriate for resolution without oral argument under Civil Local Rule 7-1(b).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).  When deciding whether to stay a case, a court should consider "the possible damage which may result from the granting of

**United States District Court**
For the Northern District of California

a stay, the hardship or inequity which a party may suffer in being
required to go forward, and the orderly course of justice measured
in terms of the simplifying or complicating of issues, proof, and
questions of law which could be expected to result from a stay."
CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). See also
Pardini v. Unilever United States, Case No. 13-cv-01675, ECF No. 59
(N.D. Cal. Apr. 15, 2015); Leonhart v. Nature's Path Foods, Inc.,
2015 U.S. Dist. LEXIS 73269, *9-10 (N.D. Cal. June 5, 2015)
(quoting Gustavson v. Mars, Inc., No. 13—cv—04537—LHK, 2014 U.S.
Dist. LEXIS 171736, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10,
2014)).

Parties seem to minimally dispute whether a stay is proper
with respect to consideration of the motion for class
certification.  Insofar as it is challenged, the Court finds that
the analysis in Pardini largely applies to this case, and on a
similar analysis finds a stay of the class action certification
motion is appropriate.  The Court simply is not convinced that,
with respect to the class certification motion, there is any
cognizable damage to the parties, hardship beyond merely waiting
(discovery is complete and parties are waiting on further expert
depositions), or legal complications that disfavor a stay.  Rather,
the Court agrees with Plaintiffs that a stay here would promote
judicial efficiency by requiring the Court to evaluate the issues a
single time, minimize supplemental briefings, and avoid duplicate
expert depositions.  The Court therefore turns to the more disputed
matter of whether a stay is appropriate with respect to the motion
for summary judgment.

///

**United States District Court**
For the Northern District of California

Upon review of the underlying cases cited by Defendant, ECF No. 139 at 4, the Court agrees it would normally not be appropriate to make Defendant wait on the motion for summary judgment when the Court could still move forward on that matter.  While the Court agrees with Plaintiffs that there is efficiency in deposing experts a single time, it appears Plaintiffs had an opportunity to gather, review, and present expert opinions in their summary judgment response, ECF No. 133, and thus have already collected whatever evidence they deemed necessary for the issues presented as part of the motion for summary judgment.  Thus the Court would normally be inclined to side with Defendant.  However, two factual matters successfully persuade the Court that a stay of the entire case is appropriate here.

First, Defendant relies on the district court decision appealed in Jones when arguing the merits of its motion for summary judgment here (without any mention that an appeal was pending) -- once distinguishing it where it otherwise appeared to be instructive on the legal burdens applicable to the Plaintiffs, and once citing that this case is factually comparable and thus the district court's approach in Jones should be followed.  See ECF No. 123 at 13, 21.  Defendant filed its motion for summary judgment months before filing its opposition to the stay.  Thus it is inconsistent for Defendant to suggest that Jones will provide no relevant guidance yet cite as authority to the underlying case being appealed.  Defendant cannot have it both ways.  Either Jones is not relevant for the purposes of the Court's evaluation of summary judgment or it is.  After careful consideration, the Court concludes Jones is likely to be relevant to -- if not dispositive

1  of -- both the motion for class certification and the motion for

2  summary judgment.

3       Second, the Court has reviewed decisions by sister courts

4  within this Judicial District considering whether to grant stays

5  relating to <u>Jones</u>, including <u>Leonhart v. Nature's Path Foods, Inc.</u>,

6  2015 U.S. Dist. LEXIS 73269, *9 (N.D. Cal. June 5, 2015).  There, a

7  stay was also granted pursuant to <u>Brazil</u>, a case where a ruling

8  partially on summary judgment in a food case is now pending before

9  the Ninth Circuit.  <u>Brazil v. Dole Packaged Foods, LLC</u>, No. 14-

10 17480, (9th Cir. Filed Dec. 18, 2014) (appealing Case No. 12-cv-

11 01831-LHK, 2014 U.S. Dist. LEXIS 169943, 2014 WL 6901867 (N.D. Cal.

12 Dec. 8, 2014).  The fifth issue being considered as part of the

13 appeal is whether "the district court err[ed] at summary judgment

14 in ruling Plaintiff failed to provide sufficient evidence of how

15 reasonable consumers would be deceived by Dole's 'all natural'

16 labels[.]"  The underlying district court decision and the appeal

17 briefs pending before the Ninth Circuit call directly into question

18 many of the same factual circumstances and points of law Defendant

19 argues merit the grant of summary judgment in this case.  Moreover,

20 Defendant cites <u>Brazil</u> in both its original summary judgment motion

21 brief and its summary motion reply brief (again with no indication

22 an appeal was pending).  ECF Nos. 123 at 21, 22; 143 at 12-13.  As

23 <u>Brazil</u> appears it will be largely if not directly on-point for the

24 summary judgment motion at bar, it would be just as ill advised to

25 proceed with this motion prior to a resolution of <u>Brazil</u> as it

26 would be to proceed on the class certification motion without

27 resolution of <u>Jones</u>.

28 ///

**United States District Court**
For the Northern District of California

1    Analysis of the balancing test factors supports this

2    conclusion.  There is little if any damage resulting from granting

3    a stay, as the delay will cause no harm to the merits of the case

4    and no loss of evidence.  The hardship associated with a stay is

5    easily justified by the judicial efficiency of hearing the matter

6    only once and reducing the duplication of efforts by counsel to re-

7    brief and re-depose experts.  Finally, the Court is greatly aided

8    by having clear guidance largely if not directly on point to help

9    it simplify complex issues of law and adequacy of proof.

10   Therefore, the Court finds all three factors weigh in favor of

11   granting a stay.

12   Accordingly, the Court GRANTS Plaintiffs' motion and STAYS the

13   case pending resolution in <u>Jones</u> and <u>Brazil</u>.  The parties are

14   ordered to notify the Court within 14 days of publication of a

15   decision by the Ninth Circuit in <u>Jones</u> and within 14 days of

16   publication of a decision by the Ninth Circuit in <u>Brazil</u>.  If the

17   two are not issued contemporaneously, upon request of either party

18   the Court will entertain motions to partially lift the stay and

19   proceed on one motion or the other.

20

21   IT IS SO ORDERED.

22

23   Dated: July 20, 2015

24                                          UNITED STATES DISTRICT JUDGE

25

26

27

28