UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS WILSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRITO-LAY NORTH AMERICA, INC.,<br><br>Defendant. | Case No.12-cv-01586-JST<br><br>**ORDER GRANTING MOTION TO PARTIALLY LIFT STAY**<br><br>Re: ECF No. 154 |

Before the Court is Defendant Frito-Lay North America, Inc.'s Motion to Partially Lift the Stay and Reinstate Motion for Summary Judgment. ECF No. 154. The Court previously stayed this case pending the resolution of two Ninth Circuit appeals: Jones v. ConAgra Foods, Inc., No. 14-16327 (9th Cir. July 15, 2014) ("Jones") and Brazil v. Dole Packaged Foods, LLC, No. 14-17480, 2016 WL 5539863 (9th Cir. Sept. 30, 2016) ("Brazil"). The Ninth Circuit has since issued a decision in Brazil, but not in Jones. For the reasons set forth below, the Court will grant the motion to partially lift the stay with respect to Defendant's motion for summary judgment.

**I.    BACKGROUND**

In March 2012, Plaintiffs Markus Wilson and Doug Campen filed a putative class action lawsuit alleging that Defendant misbranded several of its food products. ECF No. 1. On March 13, 2015, Plaintiffs moved for class certification. ECF No. 119. Two weeks later, Defendant filed a motion for summary judgment. ECF No. 123. On April 24, 2015, Plaintiffs moved for a stay of all proceedings pending the Ninth Circuit's resolution of Jones, arguing that the decision would likely provide controlling authority on issues of class certification. ECF No. 136 at 4. Neither party discussed Brazil in its briefing on the stay motion.

On July 20, 2015, the Court[1] ordered a stay of Plaintiffs' motion for class certification and Defendant's motion for summary judgment pending the Ninth Circuit's resolution of Jones and Brazil.[2] ECF No. 150. The Court explained that "it would be just as ill-advised to proceed with [the motion for summary judgment] prior to a resolution of Brazil as it would be to proceed on the class certification motion without resolution of Jones." Id. at 4. Though it found Jones most relevant to class certification, the Court also concluded that Jones is "likely to be relevant to — if not dispositive of — both the motion for class certification and the motion for summary judgment." Id. at 3-4. The Court ordered the parties to notify the Court within 14 days of publication of a decision by the Ninth Circuit. Id. at 5. The Court also stated that if Brazil and Jones were not decided contemporaneously, the Court would entertain motions to partially lift the stay. Id. On February 12, 2016, the Court terminated the motions for class certification and summary judgment in light of the stay, allowing parties to re-file the motions after the resolution of Brazil and Jones. ECF No. 152.

The Ninth Circuit issued a memorandum disposition in Brazil on September 30, 2016. The Ninth Circuit has stayed Jones, however, pending the Supreme Court's resolution of Microsoft Corp. v. Baker, No. 15-457 (2015). Defendant now asks this Court to partially lift the stay with respect to the motion for summary judgment and to reinstate the previous summary judgment briefs. The parties do not dispute that the motion for class certification should remain stayed pending a decision in Jones. See ECF No. 154 at 7-8; ECF No. 155 at 4-5.

## II. LEGAL STANDARD

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the

---

[1] This case was reassigned from Judge Conti to the undersigned on November 3, 2015.

[2] The Court independently discovered that a sister court, which stayed a similar case pending Jones, had also granted a stay pending Brazil. See Leonhart v. Nature's Path Foods, LLC, No. 13-cv-00492, 2015 WL 3548212, at *1 (N.D. Cal. June 5, 2015).

circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal alterations, citations, and quotations omitted).

District courts consider three factors when deciding whether to stay proceedings: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

### III.  DISCUSSION

#### A.  New Conditions Relevant to Lifting Stay

The Court has the discretion to grant or lift stays depending on the circumstances of the particular case. Nken, 556 U.S. at 433. Here, the circumstances have changed since the Court imposed the stay. Those changes justify partially lifting the stay.

##### 1.  Ninth Circuit Decision in Brazil

The Court noted in its stay order that Brazil is more relevant to the motion for summary judgment while Jones is more relevant to the motion for class certification. ECF No. 150 at 4 ("The . . . appeal briefs pending before the Ninth Circuit call directly into question many of the same factual circumstances and points of law Defendant argues merit the grant of summary judgment in this case. . . . As Brazil appears [to] be largely if not directly on-point for the summary judgment motion at bar, it would be just as ill advised to proceed with this motion prior to a resolution of Brazil as it would be to proceed on the class certification motion without resolution of Jones."). The issuance of the Brazil decision, though non-precedential, eliminates the main reason for staying Defendant's motion for summary judgment.

##### 2.  Resolution of Jones Has Minimal Bearing on the Present Case

There is no need to wait for a decision in Jones to proceed with the motion for summary judgment. The issue on appeal in Jones is whether the district court erred in denying class certification. See Brief of Appellant at 10, Jones v. ConAgra Foods, Inc., No. 14-16327 (9th Cir. Nov. 21, 2014). The Ninth Circuit's ruling is therefore unlikely to affect the summary judgment proceedings here, and does not justify a continued stay of that motion. See Lockyer v. Mirant

1   Corp., 398 F.3d 1098, 1113 (9th Cir. 2005) (vacating a district court's stay where the case would
2   be unaffected by the result of a separate proceeding).
3         Plaintiffs' contrary arguments are unpersuasive.  Although Plaintiffs emphasize that
4   Defendant twice relied on the district court's decision in Jones in its summary judgment motion,
5   any reliance is minimal and does not justify a stay.  First, Defendant cited Jones in support of its
6   argument that Plaintiffs lack standing to seek injunctive relief because they have no plans to buy
7   the disputed products in the future.  ECF No. 123 at 22 (citing Jones for the proposition that "some
8   courts have held that . . . it is plaintiff's burden to establish clearly and unequivocally that he will
9   buy the products again in the future and thus stands to be harmed by them.").  But this is only one
10  of Defendant's standing arguments; Defendant also claimed that Plaintiffs cannot seek injunctive
11  relief because Frito-Lay stopped using the labels and would not use them in the future.  Id.
12  Therefore, Jones is unlikely to be dispositive on Defendant's standing argument.  Moreover, Jones
13  is factually distinct from this case.  In Jones, the plaintiff never alleged a future intent to purchase
14  the challenged products, whereas here, that fact is disputed.  See Jones v. ConAgra Foods, Inc.,
15  No. 12-1633, 2014 WL 2702726, at *13 (N.D. Cal. June 13, 2014); ECF No. 155 at 6.  Finally, the
16  Court is not without guidance on the issue of standing to seek injunctive relief in a consumer
17  labelling case.  See, e.g., Lilly v. Jamba Juice Co., No. 13-CV-02998-JST, 2015 WL 1248027
18  (N.D. Cal. Mar. 18, 2015).  The Court can decide the standing question without waiting for Jones.
19        Second, Defendant cites Jones to support its argument that Plaintiffs failed to establish
20  that the Frito-Lay labels were deceptive.  ECF No. 123 at 29-31.  Specifically, Defendant argues
21  that Plaintiffs improperly rely on an expert report regarding the labels' materiality to show
22  deceptiveness,[3] and that this Court should reject Plaintiffs' expert report in any event because a
23  similar report was rejected by the district court in Jones.  Id. at 30.  In Jones, the district court
24  rejected the plaintiff's expert report because it was "*ipse dixit*" on the issue of materiality.  Id.  The
25  Ninth Circuit, therefore, may not even address the expert report in the context of deceptiveness, if

---

[3] Materiality is a separate element from the likelihood of deception.  ECF No. 123 at 30 (citing Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave., 284 F.3d 302, 309 n.5 (1st Cir. 2002) ("Whether a misrepresentation is material is . . . a separate inquiry from whether a misrepresentation deceived the consuming public.")).

United States District Court
Northern District of California

4

it discusses the report at all. Regardless, the Court can make a finding on the materiality and deceptiveness of the Frito-Lay labels based on existing case law.

Plaintiffs separately argue that this Court should wait for Jones because the Ninth Circuit is reviewing the district court's rejection of the plaintiff's proposed damages model. Again, the differing procedural postures of the two cases counsels against a stay. Here, Defendant argues on summary judgment that Plaintiffs do not seek damages nor do they have a claim for damages. ECF No. 123 at 19-20, 27-28. In Jones, the Ninth Circuit will address the propriety of the damages model in the context of class certification. The Ninth Circuit's decision, while relevant to class certification, has little bearing on the motion for summary judgment. Therefore, the Court will not continue the stay on Defendant's motion for summary judgment.

**B.     CMAX Factors**

When considering a stay, courts consider the possible damage that could result from staying the case, the hardship or inequity caused by moving forward, and the orderly course of justice. CMAX, 300 F.2d at 268. At this time, these factors weigh in favor of lifting the stay with respect to the summary judgment motion.

Jones will provide only minimal guidance related to Defendant's summary judgment motion. Additionally, it could be many months before the Ninth Circuit decides Jones, which has been stayed pending a decision by the Supreme Court in Baker. It would be inefficient to delay Defendant's motion for summary judgment for an undefined period of time to wait for a case that has so little relevance to the summary judgment proceedings. See Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term is indefinite, we require a greater showing to justify it."). This is particularly so in a case, like this one, that has been pending since 2012.

Neither party will be prejudiced if the stay is lifted with respect to the summary judgment motion. Plaintiffs have raised concerns about the cost of duplicative briefing if they have to respond to the motion for summary judgment now and re-file their motion for class certification after Jones is decided. But because the summary judgment motion is fully briefed, the risk of harm from duplicative filings is minimal. This case has been pending for five years. The Court

5

1  declines to continue the stay of Defendant's motion for summary judgment based on a marginally
2  relevant appellate case.

### CONCLUSION

4  The circumstances have changed since the stay was imposed and it is in the interest of justice to continue with summary judgment proceedings. The Court grants Defendant's motion to partially lift the stay with respect to the motion for summary judgment. The motion for class certification remains stayed pending the Ninth Circuit's resolution of Jones.

8  The parties do not need to provide supplemental briefing regarding Brazil. The Court will not, however, entertain arguments about other new cases at the hearing on the motion for summary judgment if those arguments are not first presented in writing. Given the amount of time that has elapsed since the motion for summary judgment was originally filed, the Court will allow for the filing of an amended motion for summary judgment (and amended opposition). If no amended motion is filed by February 24, 2017, at 5:00 p.m., the Court will reinstate Defendant's summary judgment motion, and Plaintiffs will have the customary time to respond under the local rules.

IT IS SO ORDERED.

Dated: February 10, 2017

_____
JON S. TIGAR
United States District Judge