UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS WILSON, et al.,<br>    Plaintiffs,<br>v.<br>FRITO-LAY NORTH AMERICA, INC.,<br>    Defendant. | Case No. 12-cv-01586-JST<br><br>**ORDER DENYING MOTION TO SUBSTITUTE PARTY AND TO AMEND**<br>Re: ECF No. 184 |

Before the Court is Plaintiffs Markus Wilson and Doug Campen's (collectively, "Plaintiffs") Motion to Substitute and Amend. ECF No. 184. In light of the Court's order granting summary judgment in favor of Defendant Frito-Lay North America, Inc. ("Frito Lay"), ECF No. 183, in which the Court found that Plaintiffs did not rely on the allegedly misleading labels on Frito-Lay's potato chip products, Plaintiffs now seek to substitute Jeff Mains as a new plaintiff and class representative. Because the deadline to join additional parties passed more than three years ago and Plaintiffs do not state good cause for amending the case schedule to permit substitution, the Court will deny the motion.

**I.    BACKGROUND**

This is a putative class action on behalf of purchasers of Frito-Lay potato chips. Plaintiffs filed their initial complaint in this action on March 29, 2012, alleging that Frito-Lay placed misleading labels on its potato chip products. ECF No. 1. Plaintiffs initially challenged numerous labels, but the claims were narrowed following pre-trial motions to the "0g Trans Fat" and "All Natural" labels, which appeared on a variety of Frito-Lay's products. See ECF No. 46; ECF No. 73; SAC, ECF No. 47 ¶¶ 2, 5. Plaintiffs asserted claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., California's False Advertising Law

United States District Court
Northern District of California

1  ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq., and the Consumers Legal Remedies Act
2  ("CLRA"), Cal. Civ. Code § 1750, et seq. Id. ¶¶ 189-245. The putative class includes all persons
3  in California who purchased a Frito-Lay product that contained an allegedly misleading label from
4  December 17, 2010 to March 25, 2013. ECF No. 119 at 2.

On January 24, 2014, Judge Conti, who was then presiding over this case, conducted a case management conference. ECF No. 84. At that conference, Plaintiffs' counsel represented that they did not anticipate "hav[ing] any additional plaintiffs," and said they would be "happy with setting a cutoff date of April 1, [2014] for adding parties." Id. at 4:3-6. The Court later entered the parties' stipulated scheduling order setting an April 1, 2014 deadline to join additional parties. ECF No. 87. Until now, Plaintiffs never sought to modify this deadline.

Over the next year, the parties engaged in discovery, including depositions of Plaintiffs Wilson and Campen in January 2015. See ECF Nos. 119-6, 7. By February 2015, the parties had completed discovery, and Plaintiffs moved to certify the class. ECF No. 119. While that motion remained pending, the Court granted Plaintiffs' motion to stay the case pending the resolution of two Ninth Circuit appeals: Jones v. Conagra Foods, Inc., Appeal No. 14-16327 (9th Cir. filed July 14, 2014) and Brazil v. Dole Packaged Foods, LLC, Appeal No. 14-17480, 2016 WL 5539863 (9th Cir. Sept. 30, 2016).[1] ECF No. 150. Two years later, the Court partially lifted the stay to consider Frito-Lay's motion for summary judgment. ECF No. 159. On May 26, 2017, the Court granted summary judgment as to all of Plaintiffs' claims challenging Frito-Lay's "0 grams Trans Fat" and "All Natural" labels. ECF No. 183. The Court, relying primarily on the January 2015 deposition testimony of Plaintiffs Wilson and Campen regarding their reasons for buying Frito-Lay products, found the evidence demonstrated that Plaintiffs had not relied on Frito-Lay's allegedly objectionable packaging. Id. at 1. The Court directed Frito-Lay to submit a proposed judgment in accordance with the Court's order.[2] Id. at 16.

One week later, Plaintiffs filed the instant motion to substitute Jeff Mains as lead plaintiff

---

[1] The Ninth Circuit has issued its decision in Brazil, but the appeal in Jones remains pending.
[2] As directed by the Court, on June 9, 2017 Frito-Lay submitted a proposed judgment. ECF No. 187.

2

and class representative. ECF No. 184. Plaintiffs filed their motion more than three years after the April 1, 2014 deadline to join additional parties. ECF No. 87. Frito-Lay opposes the motion. ECF No. 188.

## II. LEGAL STANDARD

A plaintiff seeking to join an additional party after the deadline for doing so must satisfy the requirements of both Federal Rule of Civil Procedure 15 and 16. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Rule 16 requires district courts to enter a scheduling order that "limits the time . . . to join other parties and to amend the pleadings," and provides that this "schedule shall not be modified except by leave of court upon a showing of good cause."[3] Fed. R. Civ. P. 16(b)(3)(A), 16(b)(4).

If a party can demonstrate good cause to amend the case schedule, it must then demonstrate that substitution and amendment of the complaint are proper under Rule 15. Id. at 608. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' . . . But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006) (internal citation omitted).

"'A court's evaluation of good cause [under Rule 16] is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15.'" Johnson, 765 F.2d at 609 (quoting Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C.1987)). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Jimenez v. R. Sambrano, No. 04-cv-1833 L(PCL), 2009 WL 937042, at *2 (S.D. Cal. Apr. 6, 2009) (in determining whether good

---

[3] "The Federal Rules of Civil Procedure take a liberal position on parties amending pleadings before trial. Fed. R. Civ. P. 15(a). But once a district court issues a scheduling and case management order, Rule 15(a)'s generous standard gives way to the more stringent good-cause standard under Rule 16(b)(4)." Hinojos v. Kohl's Corp., No. 2:10-CV-07590-ODW, 2013 WL 5835780, at *1 (C.D. Cal. Oct. 29, 2013).

3

cause exists for the amendment of a scheduling order, courts should consider "whether the movant was diligent in seeking amendment once the need to amend became apparent."). The possibility of prejudice to the non-moving party "might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609 (internal citations omitted).

**III. ANALYSIS**

In their motion, Plaintiffs do not directly address the good cause standard under Rule 16. Instead, they focus on prejudice to the putative class from denying substitution and the lack of prejudice to Defendant from allowing it. ECF No. 185 at 3. Plaintiffs contend that "California class members face potential prejudice if they are left without a representative seeking to advance their claims." Id. On the other hand, they argue that "[t]he substitution will not prejudice Frito-Lay," because substitution will not change the nature of the class claims and Frito-Lay could immediately take discovery from Mr. Mains without having to provide any new discovery to Plaintiffs. Id.

Frito-Lay argues that Plaintiffs "offer no good cause why they should be allowed to disregard the scheduling order – and the substantial investment of time and effort by both Frito-Lay and the Court based on the existing plaintiffs and record – by substituting a new plaintiff now." ECF No. 188 at 3. According to Frito-Lay, it has been clear Plaintiffs could not adequately represent the class since January 2015, when Plaintiffs stated unambiguously in their depositions that they had not relied on the allegedly misleading labels when purchasing Defendant's products. See ECF No. 183 at 7-8, 13-15. However, Plaintiffs did not seek amendment and substitution until more than two years later, undermining any claim that they were diligent.

In their reply brief, Plaintiffs respond that they have been diligent, and therefore good cause exists for the amendment to the case schedule, because they sought leave to amend their complaint and substitute Mr. Mains as a plaintiff within two weeks of the Court's summary judgment order. ECF No. 193 at 2. Specifically, Plaintiffs argue that "[t]he timeline of any 'diligence' inquiry begins only at the time the original class representative cannot adequately represent the class," id. at 2, and that it only became clear that Plaintiffs could no longer represent

4

the class when the Court issued its summary judgment order. Id. Plaintiffs dispute Frito-Lay's characterization of the motion as an attempt to "start all over," and instead contend that they "merely seek to preserve the case given the good cause of the original class representatives' claims now being dismissed." Id.

The Court finds that Plaintiffs have not stated good cause to amend the case schedule and substitute Mr. Mains as a plaintiff. Plaintiffs' counsel either knew – or should have known through a reasonable pre-filing investigation – as of the date they filed this action that Wilson and Campen did not rely on the allegedly misleading labels in making their decision to purchase Frito-Lay products. The deposition testimony of the named plaintiffs made it plain that Frito-Lay's labels played no part in their purchase decisions, and had Plaintiffs' counsel inquired of their clients before filing suit, they would have discovered that fact. Yet Plaintiffs' counsel not only agreed to, but actually suggested, an April 2014 deadline to amend the pleadings, and expressed confidence that they would not need to join additional parties. ECF No. 84 at 4:3-6. Even if they were unaware when they filed this action that Plaintiffs did not rely on the allegedly misleading labeling in making their decision to purchase Frito-Lay potato chip products, counsel should have realized after the depositions of Wilson and Campen in early 2015 that Plaintiffs Wilson and Campen had no viable claim and should have immediately sought to substitute new class representatives. They did not do so. Instead, Plaintiffs delayed more than two years – waiting until after the Court granted Defendant summary judgment – to seek leave to amend their complaint to substitute plaintiffs.[4] Plaintiffs' lack of diligence in seeking substitution demonstrates a lack of good cause for amending the scheduling order.[5] Johnson, 975 F.2d at 609 ("If th[e] party [seeking amendment] was not diligent, the inquiry [regarding good cause] should

---

[4] Plaintiffs cite no authority to support their contention that the relevant date for purposes of evaluating diligence is the date of the Court's summary judgment order. The facts the Court relied on in granting summary judgment were known to Plaintiffs long before the Court issued its order. That the Court did not issue its summary judgment order until months after Plaintiffs' depositions does not excuse their lack of diligence in seeking substitution.

[5] Moreover, given Plaintiffs' counsel's familiarity and past experience representing Mr. Mains, they could have identified him as a suitable plaintiff long ago. They did not reach out to him until after the Court issued its summary judgment order. ECF No. 193 at 2.

end.").

The Ninth Circuit's opinion in Johnson is instructive. There, the plaintiff sued the wrong corporate entity. Id. at 607. The defendant informed plaintiff's counsel of this defect in the complaint both in correspondence and in discovery responses served later in the case. Id. Despite this notice, the plaintiff waited until four months after the deadline to join additional parties under the scheduling order to seek leave to amend his complaint. Id. The Ninth Circuit found that the district court did not abuse its discretion in denying the motion to amend. Id. at 610. The court noted that counsel "filed pleadings and conducted discovery but failed to pay attention to the responses they received," and that "[t]hat is precisely the kind of case management that rule 16 is designed to eliminate." Id. In its concluding remarks, the panel discussed the importance of adhering to a scheduling order:

> The scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15.

Id. Here, too, had Plaintiffs' counsel paid attention to the discovery, they would have realized that the named plaintiffs could not assert a viable claim for relief. And by waiting until after the Court and Frito-Lay expended considerable resources in connection with the summary judgment motion, Plaintiffs have attempted to "disrupt the agreed-upon course of the litigation." Id.

Because Plaintiffs have not satisfied Rule 16's diligence requirement, the Court need not find that substitution will prejudice Frito-Lay to deny the motion. See Johnson, 975 F.2d at 609. Nevertheless, the Court concludes that permitting substitution at this late stage in the case would prejudice Frito-Lay. Substitution would impose new discovery burdens on Frito-Lay, as it would have to start its discovery efforts from scratch, beginning with written discovery and a deposition of Mr. Mains. Even if Mr. Mains provides this discovery on an expedited basis, as Plaintiffs offer in their papers, Frito-Lay would still have to undertake the substantial effort and expense of conducting this discovery and preparing and re-filing pre-trial motions that were specific to Messrs. Wilson and Campen. ECF No. 193 at 5. These burdens would prejudice Frito-Lay. See

6

Velazquez, 2009 WL 2959838, at *4 (concluding that "moot[ing] the substantial amount of discovery that ha[d] already been completed regarding the [named plaintiffs]" would prejudice defendants); Hitt v. Arizona Beverage Co., LLC, No. 08cv809WQH-POR, 2009 WL 4261192, at *6 (S.D. Cal. Nov. 24, 2009) (denying motion to amend complaint to substitute plaintiff, finding substitution would prejudice defendants by "effectively moot[ing] the Plaintiff-specific work Defendants have done," including taking discovery and filing a motion to dismiss).

Plaintiffs' additional justifications for substitution, which fall outside the scope of the Rule 16 inquiry, are unpersuasive. Plaintiffs contend, for example, that permitting substitution would be efficient because otherwise absent class members will file a new suit, which would require "redoing an entire discovery process." ECF No. 185 at 4. However, it is not clear how allowing substitution would lead to any different result. As explained above, substitution would still require Frito-Lay to take discovery of the named plaintiff and prepare and file a new set of plaintiff-specific motions. Plaintiffs further contend that the Court should permit substitution because courts "routinely" grant it in class action litigation. ECF No. 185 at 1. While it is generally true that courts permit substitution in the early stages of class action litigation, courts typically deny such requests when made late in the case, particular after the filing and disposition of substantive and plaintiff-specific motions. See e.g., Miller v. Mercedes-Benz USA LLC, No. cv 06-05382 ABC (JTLX), 2009 WL 1393488, at *2 (C.D. Cal. 2009) (describing an attempt to substitute the lead plaintiff after two years of litigation and two rounds of motions to dismiss as an impermissible "bait-and-switch tactic"). Here, the litigation is at an extremely advanced stage: the case has been pending for five years, there have been multiple rounds of motions to dismiss, discovery has concluded, and summary judgment has been briefed and decided.[6]

Because the Court concludes that Plaintiffs have not established good cause to amend the case schedule under Rule 16, the Court does not reach Defendant's additional arguments.

---

[6] The Court is mindful that without a named plaintiff, the claims of the putative class will potentially be extinguished. This possibility generally weighs, at least to some extent, in favor of permitting amendment. But this consideration cannot trump every other factor in the Court's analysis. At some point, a delay in seeking amendment becomes so long fairness dictates that amendment be denied. This is such a case.

7

**CONCLUSION**

Plaintiffs' Motion for Substitution and to Amend is denied. As the Court has already granted Frito-Lay summary judgment as to the current plaintiffs and a class has not been certified, the Court will enter Frito-Lay's proposed judgment. ECF No. 187.

IT IS SO ORDERED.

Dated: August 14, 2017

_____
JON S. TIGAR
United States District Judge